UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
                                                        :
CHUBB SEGUROS ARGENTINA S.A. a/s/o                      :
AMX ARGENTINA S.A.,                                     :   **ORDER DENYING MOTIONS**
                                                        :   **FOR SUMMARY JUDGMENT**
                                         Plaintiff,     :   **AND PARTIAL SUMMARY**
            -against-                                   :   **JUDGMENT**
                                                        :
UPS, SAVINO DEL BENE U.S.A. INC., and                   :   20 Civ. 3074 (AKH)
GROUND LOGISTICS &                                      :
TRANSPORTATION, INC.,                                   :
                                                        :
                                         Defendants.    :
------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

This suit[1] involves loss and damage to telecommunications equipment (the "Cargo"), sustained in the spring of 2019, while the Cargo was moved by truck from Tempe, Arizona to Miami, Florida. AMX Argentina S.A. ("AMX") purchased the Cargo from non-party Arizona-based Comtech and contracted with non-party freight forwarder Savino del Bene Argentina ("Savino Argentina") to handle overall logistics for moving the Cargo from Tempe to Argentina. Savino Argentina then subcontracted with its USA-affiliate Defendant Savino del Bene U.S.A. Inc. ("Savino USA"), who in turn subcontracted with Defendant Ground Logistics & Transportation, Inc. ("GLT"), who in turn subcontracted with Defendant UPS ("UPS") to transport the Cargo.

AMX authorized Savino Argentina to make the shipping arrangements and had no contact with any of the subcontractors prior to the Cargo's departure from Tempe. Although AMX was aware that overland carriers sometimes impose limitations on liability, and also has a

---

[1] The following facts are taken from the UPS' Rule 56.1 Statement of Material Facts (ECF No. 32-8) and Plaintiff Chubb Seguros's Rule 56.1 Counterstatement of Material Facts (ECF No. 35).

1

department and process for considering whether to declare values and make special arrangements to increase a limitation of liability for a shipment, in this case, AMX did not seek to increase the limits of liability, as it had an existing general cargo loss insurance policy that covered the shipment of the Cargo. Although Savino USA subcontracted with GLT, the agreement between GLT and UPS was private and confidential and included no option for full Carmack liability.

As to the bill of lading ("BOL") under which the Cargo moved, GLT drafted it and UPS issued it; however, Savino del Bene provided the necessary information but did not include a declared value for the Cargo. (The facts do not specify whether the information was provided by Savino Argentina or Savino USA.) As issued, the BOL listed UPS Freight in the "carrier name" box, Comtech EF Data in the "ship from" box, and Savino USA in the "ship to" box. Savino del Bene did not issue a BOL but did send AMX a certificate of receipt, as proof of delivery.

While in transit between Tempe and Miami, the Cargo was damaged when a separate bulk package carried by UPS fell on top of it. The damage was noted on UPS's bill of lading and observed when the Cargo arrived at Savino USA's Miami warehouse. Repairs were not feasible, and the Cargo was deemed a total loss.

Plaintiff Chubb Seguros Argentina S.A. ("Plaintiff"), as subrogor of AMX, brought this suit against Savino USA, GLT, and UPS to recover damages in the amount of $203,298.00, the total value of the Cargo, asserting claims under the Carmack Amendment, 49 U.S.C. § 14706; and for bailment and breach of contract under state law.[2] The parties completed fact discovery and took non-expert witness depositions.

---

[2] In its opposition, Plaintiff withdrew its state law claims against UPS, acknowledging that such claims are preempted by the Carmack Amendment but stating that it brought such claims in an abundance of caution. *See* ECF No. 38.

2

UPS now moves for summary judgment, arguing that Plaintiff lacks standing to pursue its claims under the Carmack Amendment because AMX was not listed as the consignee on the BOL. In the alternative, UPS moves for partial summary judgment on the issue of whether Plaintiff's claims are subject to an enforceable limitation on liability.

The motion for summary judgment is denied. Plaintiff has standing under the Carmack Amendment. Section 14706(a) of the Carmack Amendment allows suits by anyone entitled to recover in the receipt or bill of lading, including the buyer who was to receive the goods. *See Windows, Inc. v. Jordan Panel Sys. Corp.*, 177 F.3d 114, 118 (2d Cir. 1998). UPS contends that Plaintiff lacks standing because only Savino USA was listed on the BOL. To be sure, Savino USA has standing to sue because it is the named consignee on the BOL. However, AMX also has standing by virtue of the agency relationship between it and Savino USA. When contracting with GLT and UPS, Savino USA acted as an agent for AMX. Whether or not Savino USA disclosed AMX's identity, UPS knew that Savino USA, a carrier agent, was not the ultimate consignee or real party in interest. And it is well-settled that an undisclosed principal may enforce a contract made for its benefit, whether or not the obligee was aware of the undisclosed principal. *See Interbras Cayman Co. v. Orient Victory Shipping Co., A.S.*, 663 F.2d 4, 6–7 (2d Cir. 1981).

The motion for partial summary judgment also is denied because it remains unclear whether UPS effectively limited its liability as to AMX. Under the Carmack Amendment, to effectively limit its liability, a carrier must give the shipper a fair opportunity to choose between higher and lower liability by paying a correspondingly greater or lesser charge. *See Mechanical Tech. Inc. v. Ryder Truck Lines, Inc.*, 776 F.2d 1085, 1055 (2d Cir. 1985). AMX contends that because neither it, nor non-party Comtech, was ever given a choice of rates

by UPS, that it cannot be bound by the stated limitation in the BOL. UPS contends that the limitation should be deemed effective as to AMX because AMX knew that carriers might limit their liability, but in light of its general insurance policy, opted not to pay for any additional coverage and gave its agent, Savino Argentina, no special instructions.

Neither of these arguments resolves the ultimate issue. That AMX was not explicitly given two choices by UPS would not preclude it from being bound by the terms of the agreement entered into on its behalf by its agent, Savino Argentina (and Savino USA), for the same reasons that Plaintiff has standing to sue under the Carmack Amendment. That is, if UPS effectively limited its liability to Savino USA (and Savino Argentina), that limitation also could be effective as to AMX. However, AMX's general knowledge that carriers often limit their liability and conscious decision not to pay for any additional coverage also does not establish that the limitation on liability was effective as to AMX. In order for the limitation to be effective as to AMX, the limitation must first have been effective as to Savino USA and Savino Argentina.

On the record before me, I cannot determine whether such an effective limitation occurred, whether by actual or constructive notice. The record contains no specifics as to the negotiations between GLT and Savino USA and does not indicate whether Savino USA was given an opportunity to choose between two levels of coverage, precluding a finding of actual notice. The record also lacks a sufficient basis for charging Savino USA with constructive notice and acceptance of the limitation. Although "Savino del Bene" provided the information contained in the BOL, GLT drafted it. The record does not establish that whichever Savino entity provided that information did anything more than fill in the blanks, or that at some point during the process was given an opportunity to choose a higher level of protection and price rather than accepting a quoted price and its attendant limitation on liability. Nor does the record

4

indicate whether Savino USA (or Argentina) had awareness of the separate and private agreement between GLT and UPS, pursuant to which full Carmack liability was unavailable. Absent more facts, I cannot charge Savino USA and Savina Argentina with constructive notice of the limitation on liability, and cannot impute that notice to AMX. *Chartis Seguros Mex., S.A. v. HLI Rail & Rigging, LLC*, 3 F. Supp. 3d 171, 192 (S.D.N.Y. 2014) (holding summary judgment on a constructive notice theory was inappropriate when shipper did not actually draft, and only provided information for, the bill of lading, and the record did not establish that the shipper was given an opportunity to choose a higher level of protection). Thus, I cannot say, as a matter of law, that UPS effectively limited its liability as to Savino USA and Savino Argentina, and thereby, as to AMX.

In sum, the motions for summary and partial summary judgment are denied. The Clerk of Court shall terminate the motion (ECF No. 32). The parties shall appear for a status conference on May 27, 2022, at 10 a.m.

SO ORDERED.

Dated:   May 3, 2022
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

5